IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DRAGAN VICENTIC                                                                                          PLAINTIFFS

v.                                              Case No. 6:24-cv-6042

CITY OF HOT SPRINGS                                                                                      DEFENDANT

**ORDER**

Before the Court is the Report and Recommendation filed by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 23. Judge Bryant recommends that Defendant's Motion for Judgment on the Pleadings (ECF No. 9) be denied. Defendant has responded with timely objections. ECF Nos. 24. The Court finds the matter ripe for consideration.

**I. BACKGROUND**

Judge Bryant made the following factual findings in his Report and Recommendation. On October 18, 2022, the Hot Springs Board of Directors passed a resolution declaring Plaintiff's property a public nuisance and condemning the property, which is located at 1104 Park Avenue, Hot Springs, Arkansas. Defendant sent Plaintiff a letter indicating that demolition and removal of the structure on his property would begin on March 6, 2023. Plaintiff alleges that, prior to receiving this letter, Plaintiff had been in communication with agents of Defendant who told Plaintiff he could obtain a permit to make the necessary repairs to the structure to avoid the demolition of his property.

On November 15, 2022, Plaintiff executed a building permit application. On November 23, 2022, he received a vacant structure permit. Plaintiff claims he had one year from the time of obtaining the building permit to cure any deficiencies related to the building code.

According to Plaintiff, he testified before the Hot Springs Board of Directors that repairs were being made to the structure, and the structure was habitable and should not be condemned. Plaintiff states that he filed a complaint for preliminary injunction in state court, which Defendant ignored. On March 6, 2023, Defendant demolished and removed the structure on Plaintiff's property. Plaintiff claims the structure had a value exceeding $150,000.00. Plaintiff alleges that Defendant charged him $10,143.34 for the demolition of the structure. Plaintiff also alleges that Defendant stole an outdoor storage building that was located on the property and valued at $3,500.00. Defendant adjusted its demolition invoice to reflect the $3,500.00 credit for the storage building.

Plaintiff filed the instant lawsuit asserting a Fifth Amendment violation pursuant to 42 U.S.C. § 1983. He alleges a taking of his property without compensation. Defendant argues that this case should be dismissed for lack of subject matter jurisdiction because Plaintiff failed to exhaust the state law remedy of filing and perfecting an appeal of the Hot Springs Board of Director's decision to condemn the structure located on his property.

## II. STANDARD OF REVIEW

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.2(VII)(C). After conducting a de novo review of those portions of the report and recommendation which are the subject of objections, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge

with instructions." 28 U.S.C. § 636(b)(1); *Thompson v. Nix*, 897 F.2d 356, 357-58 (8th Cir. 1990).

The issue before the Court is whether Defendant is entitled to judgment on the pleadings under Rule 12(c). A party may move for judgment on the pleadings after the pleadings have closed. Fed. R. Civ. P. 12(c). In deciding a Rule 12(c) motion, courts apply the same legal standard used for a motion to dismiss under Rule 12(b)(6). *Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). A pleading must state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To meet this standard and to survive a Rule 12(b)(6) motion, a complaint need only state factual allegations sufficient to raise a right to relief above the speculative level that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Courts deciding a Rule 12(c) motion are required to accept as true the complaint's well-pled allegations and must resolve all inferences in the plaintiff's favor. *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006). However, this tenet does not apply to legal conclusions, "formulaic recitation of the elements of a cause of action," or naked assertions which are so indeterminate as to require further factual enhancement. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law." *Wishnatsky*, 433 F.3d at 610.

### III.  DISCUSSION

Judge Bryant recommends that Defendant's Motion for Judgment on the Pleadings (ECF No. 9) be denied because, under *Knick v. Township of Scott, Pa.*, Plaintiff is not required to exhaust

any state remedy prior to filing a Fifth Amendment takings claim. 588 U.S. 180 (2019) (holding that the state-litigation requirement and the state remedy exhaustion requirement does not apply to Fifth Amendment takings claims). Judge Bryant noted that the holding in *Knick* appears to be limited to Fifth Amendment takings claims and is not directly applicable to other federal claims for which exhaustion is required. Defendant objects to this finding, arguing that Plaintiff's factual allegations do not support a Fifth Amendment takings claim. Defendant reasons that because Plaintiff has not sufficiently pled a Fifth Amendment takings claim, he was required to exhaust his available remedies.

In its Motion for Judgment on the Pleadings (ECF No. 9), Defendant does not argue that Plaintiff failed to state a Fifth Amendment takings claim. Defendant only argues that "[b]ecause Plaintiff failed to exhaust his administrative remedy . . . , the Court does not have subject-matter jurisdiction over Plaintiff's Fifth Amendment takings claim." ECF No. 9, ¶ 4. In his complaint, Plaintiff couches his claim as a Fifth Amendment takings claim, and Defendant has treated it as such in its Motion for Judgment on the Pleadings. Defendant argues in its objections that Defendant has failed to state a Fifth Amendment takings claim. However, that is not the argument Defendant made in its motion, and it is not the argument that Plaintiff responded to. Presently before the Court is a Fifth Amendment takings claim to which state law exhaustion does not apply. Therefore, the Court agrees with Judge Bryant that Plaintiff was not required to exhaust his state law remedy because his claim, as it stands currently, is a Fifth Amendment takings claim.[1] Accordingly, the Court cannot rule that it lacks subject matter jurisdiction based on failure to exhaust.

---

[1] This order makes no ruling on whether Plaintiff has sufficiently stated a Fifth Amendment takings claim. This issue is not properly before the Court.

## IV. CONCLUSION

Upon *de novo* review of the Report and Recommendation (ECF No. 23), and for the reasons discussed above, the Court finds that Defendant has offered neither fact nor law which would cause the Court to deviate from Judge Bryant's Report and Recommendation. Therefore, the Court overrules Defendant's objections (ECF No. 24) and adopts the Report and Recommendation (ECF No. 23) *in toto*. Accordingly, Defendant's Motion for Judgment on the Pleadings (ECF No. 9) is **DENIED**.

**IT IS SO ORDERED**, this 31st day of March, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge